IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RONNIE ODELL PARKER, #162167,        )
                                     )
           Plaintiff,                )
                                     )
v.                                   )   CIVIL ACTION NO. 2:12-CV-233-WHA
                                     )               [WO]
                                     )
RAYMOND JAMES HAWTHORNE,             )
                                     )
           Defendant.                )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION

This case is before the court on a complaint filed under 42 U.S.C. § 1983 by Ronnie

Odell Parker ["Parker"], a state inmate confined at the Elmore Correctional Facility.[1]  In

this complaint, Parker alleges that he paid $2,050 to Raymond James Hawthorne, an

attorney whose office is located in Montgomery, Alabama, for potential representation

before the Alabama Board of Pardons and Paroles regarding possible early parole

consideration.  *Complaint - Doc. No. 1* at 4.  Parker contends that, prior to signing the

employment contract provided by Hawthorne, he decided not to retain Hawthorne on the

parole matter.  *Id*.  Parker complains that Hawthorne "did not provide any services" and

---

[1] Parker initiated this action by filing his complaint with the United States District Court for the Southern District of Alabama on December 2, 2011.  That court transferred the case to this court on March 13, 2012.

returned only a portion of the fee paid to him. *Id*.

Parker alleges that Hawthorne's actions resulted in malpractice, constituted negligence, and improperly deprived him of property. *Complaint - Doc. No. 1* at 5. Parker seeks monetary damages from the defendant. *Id*.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## II.  DISCUSSION

### A.  42 U.S.C. § 1983

Parker complains that Hawthorne failed to return the entire portion of the fee paid for representation despite providing no services to Parker on the parole matter. *Complaint - Doc. No. 1* at 4. In accordance with applicable federal law, the allegations presented in the complaint entitle Parker to no relief from this court under 42 U.S.C. § 1983.

An essential element of a 42 U.S.C. § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

---

[2]The United States District Court for the Southern District of Alabama entered an order granting Parker leave to proceed *in forma pauperis* in this cause of action. *Order of January 10, 2012 - Doc. No. 5*. Despite Parker's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.... [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)).... [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an individual does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and ... are not subject to suit under section 1983."). Since the conduct about which Parker complains was not committed by a person acting under color of state law, the claims presented against Hawthorne under 42 U.S.C. § 1983 lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v.*

*Williams*, 490 U.S. 319, 327 (1989).[3]

## B. Supplemental Jurisdiction

To the extent that Parker seeks relief from this court on pendent state law claims of malpractice, negligence and loss of property, he is entitled to no relief. Review of pendent state law claims is only appropriate upon exercise of this court's supplemental jurisdiction over a related constitutional claim. In the posture of this case, however, the court concludes that the exercise of supplemental jurisdiction is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure: Jurisdiction* § 3567 pp. 443-47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is discretionary. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of this court's resolution of the federal claims presented by Parker, any

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

pendent state claim is due to be dismissed.  *Gibbs*, 383 U.S. at 726 (if the federal claim

from which the state claim arises is dismissed prior to trial, the state claim should be

dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir.

1982).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1.  To the extent the plaintiff seeks relief under 42 U.S.C. § 1983, the claims be

dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's pendent state law claims be dismissed as the court deems it

inappropriate to exercise supplemental jurisdiction over these claims.

3.  This case be summarily dismissed.

It is further

ORDERED that on or before April 9, 2012, the parties may file objections to this

Recommendation.  Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive

or general objections will not be considered by the District Court.  The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

      DONE, this 26th day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE